IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Case No. 5:18-cv-48-RJC-DSC

| | |
|---|---|
| FARRELL CREATIONS & RESTORATIONS LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ADVANCE AUTO PARTS, INC. et. al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendants Axalta Coating Systems, LLC and Axalta Coating Systems U.S.A., LLC's "Motion to Dismiss" (document #30) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>granted</u> as discussed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the factual allegations of the Complaint as true, Plaintiff modified a 1970 Dodge Challenger for a customer in May 2015. As part of that process, Plaintiff purchased paint manufactured by the Axalta Defendants from an Advance Auto Parts store. Employees of Advance Auto Parts then painted the car at their retail store in Mooresville, North Carolina.

In October and November 2015, after it became apparent that the paint was defective, Plaintiff communicated directly with Axalta on several occasions. Axalta employees advised that the paint had not been properly mixed by Advance Auto Parts. Plaintiff spent more than $75,000 to strip and repaint the car.

On February 15, 2018, Plaintiff filed its Complaint in Iredell County Superior Court.

On March 22, 2018, Defendants removed the action alleging diversity of citizenship jurisdiction. Removal has not been challenged and appears proper.

On June 29, 2018, Plaintiff filed its Amended Complaint (document #27) alleging claims for negligence, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose against each Defendant. Plaintiff also alleges a claim for breach of express warranty against the Advance Auto Parts Defendants.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

B. **Negligence**

To state a claim for negligence in North Carolina, a plaintiff must allege that "(1) defendant owed a duty to plaintiff, (2) defendant failed to exercise proper care in the performance of that

duty, and (3) the breach of that duty was the proximate cause of plaintiff's injury." Westbrook v. Cobb, 411 S.E.2d 651, 653, 105 N.C. App. 64 (N.C. App. Ct. 1992) (citing Pittman v. Frost, 261 N.C. 349, 134 S.E.2d 687 (N.C. 1964); Burr v. Everhart, 246 N.C. 327, 98 S.E.2d 327 (N.C. 1957)). Plaintiff has not plead any facts to support a claim for negligence against Axalta. Rather, Plaintiff alleges that Advance Auto Parts employees failed to properly mix the paint before it was applied to the car.

In its "Memorandum … in Opposition," Plaintiff suggests that discovery could reveal that the Advance Auto Parts employees' negligence resulted from some failure on Axalta's part. See Document #31 at 4 ("[w]hile acknowledging that, ultimately, an employee of Defendant, Advance, was the final chain in a sequence of events leading to the negligent mixing of the paint product in question, the sequence leading to that employees' negligent act, i.e. training he received, written documentation utilized and relied upon, and any other factors responsible for his negligence will ultimately be ascertained only through pre-trial discovery"). The Amended Complaint contains no such allegations. Moreover, "[t]his is precisely the sort of fishing expedition the Supreme Court sought to avoid in requiring the plaintiff to plead facts demonstrating their entitlement to relief…. Plaintiffs cannot be permitted to pursue … discovery with nothing more than conclusory allegations and … hope [for] … favorable results." Ali v. Allergan USA Inc., No. 1:12-cv-115, 2012 WL 3692396, at *14 (E.D. Va. Aug. 23, 2012) (citing Twombly, 550 U.S. 558).

For those reasons, the undersigned respectfully recommends that the Axalta Defendants' Motion to Dismiss be granted as to Plaintiff's negligence claim.

### C. Breach of Implied Warranties

Prior to enactment of the North Carolina Products Liability Act, N.C. Gen. Stat. § 99B et. seq. ("NCPLA"), a purchaser could not assert a claim against a manufacturer for breach of implied

warranties because there was no privity of contract. Atlantic Coast Mechanical, Inc. v. Arcadis, Geraghty & Miller of North Carolina., Inc., 175 N.C.App. 339, 345, 623 S.E.2d 334, 339 (2006) (citing Richard W. Cooper Agency, Inc. v. Irwin Yacht & Marine Corp., 46 N.C.App. 248, 251, 264 S.E.2d 768, 770 (1980). The NCPLA eliminated the privity requirement, but only for actions seeking recovery for personal injury or property damage. Atlantic Coast Mechanical, Inc., 175 N.C.App. at 345-46, 623 S.E.2d at 339 (citing N.C. Gen.Stat. § 99B–2(b); AT & T Corp. v. Medical Review of N.C., Inc., 876 F.Supp. 91, 95 (E.D.N.C.1995)). Privity is still required in an action that seeks recovery for economic loss. Id. (citing Energy Investors Fund, L.P. v. Metric Constructors, Inc., 351 N.C. 331, 338, 525 S.E.2d 441, 446 (2000); Gregory v. Atrium Door and Window Co., 106 N.C.App. 142, 144, 415 S.E.2d 574, 576 (1992)). The rationale for this exception is that an action seeking damages for economic loss is not a products liability action governed by the NCPLA. AT & T, 876 F.Supp. at 95.

The record is clear that Plaintiff was not in privity with the Axalta Defendants. Accordingly, the question is whether Plaintiff seeks recovery for an "economic loss." "[W]hen a component part of a product or a system injures the rest of the product or the system, only economic loss has occurred." Wilson v. Dryvit Sys., 206 F.Supp.2d 749, 753 (E.D.N.C. 2002) (citing Gregory, 106 N.C.App. at 144, 415 S.E.2d at 575 (water damage to flooring caused by defective doors was economic loss)). In Atlantic Coast Mechanical, Inc., the Court held that generators installed as a component part of a power plant that malfunctioned and damaged other parts of the plant caused only economic loss. 175 N.C.App. at 346, 623 S.E.2d at 340 (affirming dismissal of implied warranty claims).

Applying those legal principles here, Plaintiff's implied warranty claims fail against Axalta. The parties are not in privity. Plaintiff seeks to recover its costs in repainting the car.

There are no allegations of damage to the car or any other property. Plaintiff is seeking recovery for economic loss only.[1]

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants Axalta Coating Systems, LLC and Axalta Coating Systems U.S.A., LLC's "Motion to Dismiss" (document #30) be **GRANTED** and the Amended Complaint be **DISMISSED WITH PREJUDICE** as to those Defendants.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page

---

[1]Defendants also argue that Plaintiff's negligence claim is barred by the economic loss doctrine, citing cases where courts dismissed negligence claims against manufacturers where there was no privity of contract. See AT & T, 876 F.Supp. at 95; Moore v. Coachmen Indus., 129 N.C. App. 389, 402, 499 S.E.2d 772, 780 (1998); Chicopee, Inc. v. Sims Metal Works, Inc., 98 N.C. App. 423, 431-32, 391 S.E. 2d 211, 216-17 (1990). More recent authority, however, has recognized that "North Carolina's economic loss rule 'does not limit tort actions that arise in the absence of a contract,' but [t]he privity requirement does, in some cases, preclude action in tort in the absence of a contractual relationship.'" Lord v. Customized Consulting Specialty, Inc., 182 N.C. App. 635, 642, 643 S.E.2d 28, 32 (2007) (quoting Ellis–Don Constr., Inc. v. HKS, Inc., 353 F.Supp.2d 603, 606 (M.D.N.C. 2004) (economic loss doctrine has not "expanded to preclude all claims in tort for economic damages in the absence of a contract, or, more narrowly, outside the products liability context")).

v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr..

**SO ORDERED AND RECOMMENDED**.

Signed: July 24, 2018

David S. Cayer
United States Magistrate Judge