IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Case No. 5:18-cv-48-RJC-DSC

| | |
|---|---|
| FARRELL CREATIONS & RESTORATIONS LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ADVANCE AUTO PARTS, INC. et. al., | ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendants Advance Auto Parts, Incorporated ("Advance Auto") and Advance Stores Company, Incorporated's ("Advance Stores") "Motion to Dismiss Amended Complaint" (document #36) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>granted in part</u> and <u>denied in part</u>, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the factual allegations of the Amended Complaint as true, Plaintiff modified a 1970 Dodge Challenger for a customer in May 2015. As part of that process, Plaintiff purchased paint manufactured by the Axalta Defendants from an Advance Auto Parts store in Mooresville, North Carolina and painted the vehicle.

In October and November 2015, after it became apparent that the paint was defective,

Plaintiff communicated directly with Axalta on several occasions.  Axalta employees advised that the paint had not been properly mixed by Advance Auto Parts. Plaintiff spent more than $75,000 to strip and repaint the car.

On February 15, 2018, Plaintiff filed its Complaint in Iredell County Superior Court.

On March 22, 2018, Defendants removed the action alleging diversity of citizenship jurisdiction.  Removal has not been challenged and appears proper.

On June 29, 2018, Plaintiff filed its Amended Complaint (document #27) alleging claims for negligence, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose.

On August 8, 2018, Defendants filed their "Motion to Dismiss Amended Complaint." Defendants argue that Defendant Advance Auto should be dismissed because Defendant Advance Stores is the actual owner of the Mooresville store.  Defendants also argue that Plaintiff's negligence claim is barred by the economic loss rule and that it has failed to allege facts sufficient to support any of its claims.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563.  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

**B. Claims against Defendant Advance Auto Parts, Inc.**

Plaintiff amended its Complaint for the purpose of adding Defendant Advance Auto. See Plaintiff's "Motion to Amend Complaint, Motion to Join Additional Parties, Motion to Remand" (document #18); "Order" (document #26) (granting in part and denying in part). In its brief, Plaintiff

details its efforts to determine which corporate Defendant operates the store, and contends that neither Defendant has "filed the legally required information to do business in the State of North Carolina as a retail business using the name 'Advance Auto Parts.'" Document #37 at 8. Plaintiff argues that it should be allowed to conduct discovery on this issue.

In support of its Motion, Defendants offer the "Affidavit of Michael A. Tankersley" (document #13-1). Tankersly avers that he is the Director of Lease Administration for Advance Auto. He avers that in 2015, the Mooresville store was "leased and operated by" Advance Stores and that Advance Auto does not "own, lease or operate the retail store." Id. Defendant has also submitted a "Subordination, Non-Disturbance and Attornment Agreement" (document #21-1) between RBC Centura Bank and Advance Stores which clearly identifies that entity as the tenant of the store property.

Although Defendants' submissions identify Advance Stores as the tenant of the store property, there is nothing in the record indicating which Defendant operates the business there or has authority over the employees. This issue should easily be resolved through discovery. Accordingly, the undersigned respectfully recommends that Defendants' Motion to Dismiss Defendant Advance Auto Parts Inc. be <u>denied</u> without prejudice to their right to raise this issue following discovery.

### C. Negligence Claim

To state a claim for negligence in North Carolina, a plaintiff must allege that "(1) defendant owed a duty to plaintiff, (2) defendant failed to exercise proper care in the performance of that duty, and (3) the breach of that duty was the proximate cause of plaintiff's injury." <u>Westbrook v. Cobb</u>, 411 S.E.2d 651, 653, 105 N.C. App. 64 (N.C. App. Ct. 1992) (citing <u>Pittman v. Frost</u>, 261 N.C. 349, 134 S.E.2d 687 (N.C. 1964); <u>Burr v. Everhart</u>, 246 N.C. 327, 98 S.E.2d 327 (N.C. 1957)). Plaintiff alleges that Advance Auto Parts employees failed to properly mix the paint at issue.

The economic loss rule "prohibits recovery for purely economic loss in tort, as such claims are instead governed by contract law." <u>Lord v. Customized Consulting Specialty, Inc.</u>, 182 N.C.

App. 635, 639, 643 S.E.2d 28, 30 (2007); ACS Partners, LLC v. Americon Group, Inc., 2010 U.S. Dist. LEXIS 19907 at *18-19 (W.D.N.C. 2010) "A tort action does not lie against a party to a contract who simply fails to properly perform the terms of the contract, even if that failure to perform was due to the negligent or intentional conduct of that party, when the injury resulting from the breach is damage to the subject matter of the contract." Id. (quoting Spillman v. American Homes of Mocksville, Inc., 108 N.C. App. 63, 65, 422 S.E.2d 740, 741-742 (1992). The economic loss rule applies when a contractual remedy is sought, such as in breach of warranty claim. Ellis v. Louisiana-Pacific Corp., 2011 U.S. Dist. LEXIS 129378 at * 3 (W.D.N.C. 2011) (citing Kelly v. Georgia-Pacific, LLC, 671 F. Supp. 2d 785, 794 (E.D.N.C. 2009)).

The Court has previously determined that Plaintiff is seeking recovery for economic loss only. "Memorandum and Recommendation" (recommending granting Axalta Defendants' Motion to Dismiss) (document #34). For that reason, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted as to Plaintiff's negligence claim.

### D. Breach of Warranty Claims

The remainder of Defendants' Motion is a generalized assertion that Plaintiff has failed to plead facts sufficient to support any of its claims. Defendants argue that the "only indication the paint was in fact 'mixed wrong' is based on alleged hearsay statements by the co-defendant employees over two years before the complaint was filed." Defendants' "Brief in Support …" at 8 (document #36-1). Such arguments are properly addressed following the close of discovery.

Plaintiff alleges that it informed store employees of the intended use for the paint. The employees then selected and mixed the paint and it ultimately failed due to improper mixing. The Court finds that these facts, taken as true, are sufficient to support Plaintiff's breach of warranty claims.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that

Defendants Advance Auto Parts, Incorporated and Advance Stores Company, Incorporated's "Motion to Dismiss Amended Complaint" (document #36) be **GRANTED IN PART** and **DENIED IN PART**, that is, **GRANTED** as to Plaintiff's negligence claim and **DENIED** in all other respects.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr..

**SO ORDERED AND RECOMMENDED**.

Signed: August 24, 2018

_____
David S. Cayer
United States Magistrate Judge