UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-00048-RJC-DSC

| | | |
|---|---|---|
| FARRELL CREATIONS & RESTORATIONS LLC | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| ADVANCE AUTO PARTS, INC. et al., | ) ) ) | |
| Defendants. | ) ) ) ) ) ) ) ) | |

**THIS MATTER** comes before the Court on Defendants Axalta Coating Systems, LLC and Axalta Coating Systems U.S.A., LLC's (collectively, "Axalta") Motion to Dismiss Plaintiff's Amended Complaint, (Doc. No. 30), and the parties' associated briefs and exhibits; the Memorandum and Recommendation ("M&R") of the United States Magistrate Judge, (Doc. No. 34), recommending that Axalta's Motion be granted; Plaintiff's Objections thereto, (Doc. No. 35); and Axalta's responsive briefing to Plaintiff's Objections, (Doc. No. 38). Also before the Court is Defendants Advance Auto Parts Incorporated and Advance Stores Company, Incorporated's (collectively, "Advance") Motion to Dismiss Amended Complaint, (Doc. No. 36), and the parties' associated briefs and exhibits; the M&R, (Doc. No.

1

40), recommending that Advance's Motion be granted in part and denied in part; Plaintiff's Objection to the M&R, (Doc. No. 41); and Advance's responsive briefing to Plaintiff's Objection, (Doc. No. 42). The Motions are ripe for adjudication.

I. BACKGROUND[1]

Accepting the factual allegations of the Amended Complaint as true, Plaintiff modified a 1970 Dodge Challenger ("the vehicle") for a customer in May 2015. As part of that process, Plaintiff purchased paint manufactured by Axalta from an Advance Auto Parts store in Mooresville, North Carolina. Plaintiff then painted the vehicle using the paint supplied by Advance Auto Parts.

In October and November 2015, after it became apparent that the paint was defective, Plaintiff communicated directly with Axalta on several occasions. Axalta employees advised Plaintiff that the paint had not been properly mixed by Advance Auto Parts. Plaintiff spent more than $75,000.00 to strip and repaint the car.

On February 15, 2018, Plaintiff filed suit in Iredell County Superior Court against Defendants, pursuing various negligence and warranty claims. (Doc. No. 1-1 ¶¶ 5–72). On March 22, 2018, Defendants removed the action to this Court on

---

[1] These facts are largely copied from the Background section of the most recent M&R. (Doc. No. 40 at 1–2). The parties have not objected to this version of the facts, and therefore, the Court adopts and incorporates them herein. Previously, Plaintiff had objected to one portion of the facts section in the first M&R, (Doc. No. 34). (See Doc. No. 35 at 1 (pointing out that Plaintiff, rather than employees of Advance Auto Parts, painted the car)). The most recent M&R has addressed and resolved the factual objection, and therefore, the Court relies on the facts as established in the most recent M&R.

diversity grounds. (Doc. No. 1). Removal has not been challenged and appears proper. On June 29, 2018, Plaintiff filed an Amended Complaint, (Doc. No. 27), alleging claims for negligence, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty for fitness for a particular purpose. On July 11, 2018, Axalta, filed a Motion to Dismiss Plaintiff's Amended Complaint. (Doc. No. 30). And on August 8, 2018, Advance filed a Motion to Dismiss the Amended Complaint. (Doc. No. 36).

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) and (B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

## III. DISCUSSION

Plaintiff has filed objections to both M&Rs. The Court addresses each M&R and Plaintiff's respective objections to the M&Rs in turn.

### A. The M&R on Axalta's Motion to Dismiss (Doc. No. 34)

Plaintiff has objected to the M&R's recommendation to grant Axalta's Motion to Dismiss. In support of its objection, Plaintiff makes two specific arguments: (1)

3

Axalta owed Plaintiff a duty to ensure that Advance's employee was qualified to mix the paint; and (2) the economic loss doctrine is inapplicable to Plaintiff's breach of warranty claim against Axalta.

        1.    <u>The M&R correctly concluded that Plaintiff cannot maintain a negligence claim against Axalta.</u>

The M&R concluded that Plaintiff had not plead any facts to support a negligence claim against Axalta. "Rather, Plaintiff alleges that Advance Auto Parts['] employees failed to properly mix the paint before it was applied to the car." (Doc. No. 34 at 4). In response, Plaintiff attempts to manufacture a duty between Axalta and Plaintiff. Plaintiff now contends—for the first time—that because Axalta sold their product through a retailer (i.e., Advance), Axalta, together with Advance, owed Plaintiff a duty to ensure that Advance's employee was properly qualified to mix the products involved. Plaintiff cites no case law to support this proposition.

The Court declines to allow Plaintiff to come in at the eleventh hour and amend its pleadings to state the first, and perhaps most basic, element of a negligence claim: duty. Without a duty, no breach, causation, or damages may follow.

Yet, even if the Court were inclined to grant Plaintiff leave to amend its pleadings (for the second time), allowing such recourse would be futile. Even if Plaintiff could plausibly plead that Axalta owed it a duty, Plaintiff still has not

4

alleged that Axalta did anything wrong in violation of that duty.  While Plaintiff has hypothesized about potential scenarios in which discovery could reveal that Axalta's actions might have triggered some sort of "butterfly effect" that ultimately led to the Advance employee's alleged negligence, the Court refuses to vivify such a fishing expedition.  Plaintiff's wholly speculative allegations against Axalta must be quashed.  Ali v. Allergan USA Inc., No. 1:12-cv-115, 2012 WL 3692396, at *14 (E.D. Va. Aug. 23, 2012) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 558 (2007)) ("[T]his is precisely the sort of fishing expedition the Supreme Court sought to avoid in requiring the plaintiff to plead facts demonstrating their entitlement to relief. . . . Plaintiffs cannot be permitted to pursue . . . discovery with nothing more than conclusory allegations and . . . hope [for] . . . favorable results.").  Accordingly, the M&R correctly recommended dismissing Plaintiff's negligence claim against Axalta.

> 2. The M&R correctly concluded that Plaintiff cannot maintain an implied warranty claim against Axalta.

The M&R concluded that, due to the economic loss doctrine, Plaintiff's implied warranty claim against Axalta also fails because the parties are not in privity, and Plaintiff seeks to recover only its costs in repainting the car: "[t]here are no allegations of damage to the car or any other property."  (Doc. No. 34 at 6).  Similar to the tactics Plaintiff employed in attempting to preserve its negligence claim, Plaintiff now strains to argue, by concluding its Objections with a series of

5

rhetorical questions,[2] that the vehicle itself suffered some sort of hypothetical, abstract damage. Apparently, Plaintiff now argues that there may have been some sort of temporary devaluation of the vehicle to a hypothetical investor or prospective purchaser while the vehicle was painted with the allegedly defective paint. This is the first time Plaintiff makes this assertion, and it is based upon pure speculation. Plaintiff must ground its allegations in plausible facts in order for its claims to be legally cognizable.[3] Moreover, this theoretical "diminished value of property constitutes an economic loss" is not a cognizable injury in fact. Coker v. DaimlerChrysler Corp., 2004 NCBC 1, 13 (N.C. Super. Ct., JD19C, Jan. 5, 2004) (applying the economic loss doctrine in a case involving a claim that a defective component diminished the value of a vehicle).

---

[2] While posed in rhetorical format, Plaintiff propounds an answer to the question of whether an argument can be made that "this showpiece car" did not suffer damage, contending that the answer is a definitive "no." On the contrary, the Court answers the question with a definitive "yes."

[3] On a motion to dismiss for failure to state a claim, the Court must accept the factual allegations of the claim as true and construe them in the light most favorable to the nonmoving party. Coleman v. Maryland Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010). But, to survive the motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff therefore must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief, i.e., the 'plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). Here, Plaintiff has done nothing more than intimate a sheer possibility that the vehicle itself suffered damage. This is insufficient.

Previously, "[u]nder the common law, a buyer of a 'good' could not assert a claim against the manufacturer for breach of implied warranties because there was no privity." Atl. Coast Mech., Inc. v. Arcadis, Geraghty & Miller of N. Carolina., Inc., 623 S.E.2d 334, 339 (N.C. Ct. App. 2006) (citing Richard W. Cooper Agency, Inc. v. Irwin Yacht & Marine Corp., 264 S.E.2d 768, 770 (N.C. Ct. App. 1980)). Now, however, the North Carolina Products Liability Act has eliminated the privity requirement against manufacturers, "but only for actions seeking recovery for personal injury or property damage." Id. (citing N.C. Gen. Stat. § 99B–2(b)). Therefore, "[p]rivity is still required in an action for breach of implied warranties that seeks recovery for economic loss." Id. Here, the parties do not dispute, and the record clearly shows, that Axalta and Plaintiff were not in privity with each other. Therefore, the relevant inquiry is whether Plaintiff seeks recovery for purely economic loss. "North Carolina courts have indicated that when a component part of a product or a system injures the rest of the product or the system, only economic loss has occurred." Id. (citing Moore v. Coachmen Indus., Inc., 499 S.E.2d 772 (N.C. Ct. App. 1998), which held that damage to a recreational vehicle caused by a faulty component constituted economic loss with respect to negligence claims brought against component manufacturer). Here, the M&R correctly determined that Plaintiff is only seeking to recover its costs in repainting the car—i.e., its economic loss—and therefore, the economic loss doctrine bars Plaintiff's implied warranty claims against Axalta.

7

In sum, the Court agrees with the M&R's analysis and conclusions regarding Axalta's Motion to Dismiss, and therefore **ADOPTS** the M&R, (Doc. No. 34), and **GRANTS** Axalta's Motion to Dismiss the Amended Complaint, (Doc. No. 30).

B.  The M&R on Advance's Motion to Dismiss (Doc. No. 40)

Plaintiff has objected to the M&R's recommendation to grant in part and deny in part Advance's Motion to Dismiss. Plaintiff only objects to the M&R's recommendation that Plaintiff's negligence claim against Advance be dismissed due to the economic loss doctrine. Plaintiff contends that the economic loss doctrine is inapplicable to its negligence claim against Advance. In support of this argument, Plaintiff reincorporates its economic-loss-doctrine argument it already unsuccessfully advanced in its objection to the first M&R recommending dismissal of Plaintiff's implied warranty claims against Axalta.

"North Carolina has adopted the economic loss rule, which prohibits the purchaser of a defective product from bringing a negligence action against the manufacturer or seller of that product to recover purely economic losses sustained as a result of that product's failure to perform as expected." Wilson v. Dryvit Sys., Inc., 206 F. Supp. 2d 749, 753 (E.D.N.C. 2002), aff'd, 71 F. App'x 960 (4th Cir. 2003). As mentioned above, "North Carolina courts have indicated that when a component part of a product or a system injures the rest of the product or the system, only economic loss has occurred." Id. (citing Moore v. Coachmen Indus., Inc., 499 S.E.2d 772 (N.C. Ct. App. 1998)). Here, Plaintiff seeks to recover purely for economic

losses it has sustained.  While the Court laments the expenditures Plaintiff has paid to rectify the aesthetics of the vehicle, the law does not allow Plaintiff to seek recovery from Advance for purely economic loss on negligence grounds.  Rather, Plaintiff must rely on its claims against Advance that are based in contract law. Lord v. Customized Consulting Specialty, Inc., 643 S.E.2d 28, 30 (N.C. Ct. App. 2007) ("Simply stated, the economic loss rule prohibits recovery for purely economic loss in tort, as such claims are instead governed by contract law.").

Regarding the aspects of the M&R to which no party objected, the Court has nevertheless conducted an independent review of the M&R and record and concludes that those findings and conclusions of the M&R are correct and in accordance with law.

## IV. CONCLUSION

After an independent review of the M&Rs, (Doc. Nos. 34, 40), Plaintiff's Objections thereto, (Doc. Nos. 35, 41) and a de novo review of the record, the Court concludes that the M&Rs' recommendations are correct and in accordance with law. Accordingly, the findings and conclusions of the Magistrate Judge are accepted.

**IT IS THEREFORE ORDERED THAT:**

(1) The Magistrate Judge's M&R on Axalta's Motion to Dismiss, (Doc. No. 34), is **ADOPTED;**

(2) Defendants Axalta Coating Systems, LLC and Axalta Coating Systems U.S.A., LLC's Motion to Dismiss Plaintiff's Amended

Complaint, (Doc. No. 30), is **GRANTED**. The Amended Complaint as to Axalta is **DISMISSED WITH PREJUDICE**, and Defendants Axalta Coating Systems, LLC and Axalta Coating Systems U.S.A., LLC shall be terminated as parties to this suit;

(3) The Magistrate Judge's M&R on Advance's Motion to Dismiss, (Doc. No. 40), is **ADOPTED**;

(4) Defendants Advance Auto Parts, Incorporated and Advance Stores Company, Incorporated's Motion to Dismiss Amended Complaint, (Doc. No. 36), is **GRANTED IN PART** and **DENIED IN PART**. That is, the Court **GRANTS** Advance's Motion as to Plaintiff's negligence claim, and the Court thereby **DISMISSES** Plaintiff's negligence claim. Advance's Motion is **DENIED** in all other respects.

Signed: March 29, 2019

Robert J. Conrad, Jr.
United States District Judge